UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIANA JUN GRAFALS,<br>                              Plaintiff,<br><br>- against -<br><br>HEARST MAGAZINES, INC.,<br><br>                              Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff Miana Jun Grafals ("Miana" or "Plaintiff"), by and through her undersigned counsel, as and for her Complaint against Defendant Hearst Magazines, Inc., ("Hearst" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of three (3) copyrighted photographs of female breast cancer survivors in the sea owned and registered by Plaintiff, a Pennsylvania-based photojournalist. Accordingly, Plaintiff seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or is doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Miana is a professional photojournalist in the business of licensing her photographs to online, print, and television stations for a fee, having a usual place of business at 3490 Haupts Bridge Road, Riegelsville, PA 18077. Miana's photographs have appeared in many publications around the United States.

6. Hearst is a corporation duly organized and existing under the laws of the State of Delaware. Upon information and belief, Hearst is doing business in New York, and has an office address of 300 West 57th Street New York, NY 10019-3791. At all times material hereto, Hearst has owned and operated a website at the URL: www.marieclare.it (the "Website").

## STATEMENT OF FACTS

**A.   Background and Plaintiff's Ownership of the Photographs**

7. On October 15, 2014, Miana took a series of photographs depicting breast cancer survivors posing in the sea. True and correct copies of three (3) of those photographs (the "Photographs") are attached hereto as Exhibit A.

8. The Photographs were taken for The Breast and the Sea Project, described as "a written and photographic compilation highlighting the strength and beauty of those . . . affected by breast cancer." See http://www.thebreastandthesea.com/about-1/. Miana's name is featured in a gutter credit in the project and she is also identified as the photographer of the Photographs in a copyright notation. True and correct copies of pages from The Breast and the Sea Project website are attached hereto as Exhibit B.

9. Miana is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyrights thereto.

10. The Photographs were registered with the U. S. Copyright Office. The U. S. Copyright Registration number for two of the Photographs, each depicting a group of women, is VA 2-025-084. The U. S. Copyright Registration number for the Photograph of a single floating woman is VA 2-024-993.

### B. Defendant's Infringing Activities

11. Upon information and belief, on or about November 3, 2016, Hearst ran an article on the Website entitled "Benessere Salute Tumore Seno Recostruzione," located at http://www.marieclaire.it/Bozze/Tumore-seno-ricostruzione. The article prominently features the Photographs. A true and correct copy of the article is attached hereto as Exhibit C.

12. Hearst did not license the Photographs from Plaintiff for its article, nor did Hearst have Plaintiff's permission or consent to publish the Photographs on its Website.

13. Upon information and belief, Hearst removed any reference to Miana as the photographer of the Photographs and did not attribute the Photographs to anyone.

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST HEARST)
### (17 U.S.C. §§ 106, 501)

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Hearst infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Hearst is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photographs.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Hearst have been willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

18. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b).

19. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST HEARST**
**(17 U.S.C. § 1202)**

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. When the Photographs were published in www.thebreastandthesea.com, the article contained copyright management information under 17 U.S.C. § 1202(b).

22. Upon information and belief, Hearst copied the Photographs from www.thebreastandthesea.com and pasted them on their Website. Hearst intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

23. The conduct of Hearst violates 17 U.S.C. § 1202(b).

24. Upon information and belief, Hearst's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Hearst intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal its infringement of Plaintiff's copyrights in the Photographs. Hearst also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyrights in the Photographs.

26. As a result of the wrongful conduct of Hearst as alleged herein, Plaintiff is entitled to recover from Hearst the damages that she sustained and will sustain, any gains, profits and advantages obtained by Hearst because of its violation of 17 U.S.C. § 1202, and Plaintiff's costs and attorney's fees.

27. Alternatively, Plaintiff may elect to recover from Hearst statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Hearst be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant Hearst be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That, with regard to the First Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorney's fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
February 27, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/ Kamanta C. Kettle
        Kamanta C. Kettle

Richard P. Liebowitz
Kamanta C. Kettle
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com
KK@LiebowitzLawFirm.com

*Attorneys for Plaintiff Miana Jun Grafals*